# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE CRISTOBAL CARDONA, : | |
| : | |
| Petitioner, : | |
| : | CIVIL NO. 3:13-CV-01179 |
| v. : | |
| : | (Judge Mariani) |
| JEFFREY THOMAS, : | |
| : | |
| Respondent. : | |

## MEMORANDUM

## I. Introduction

Petitioner Jose Cristobal Cardona ("Petitioner" or "Cardona"), a federal prisoner currently incarcerated at the United States Penitentiary, Lewisburg ("USP Lewisburg"), initiated the above-captioned action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1). Griffin is presently serving a 480-month federal sentence for drug trafficking charges that was imposed upon him in the Western District of Texas. His Petition claims unlawful conviction, denial of counsel, and involuntary servitude. (*Id.* at p. 1).

On May 2, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed or transferred to the Western District of Texas for consideration as a second or successive motion to correct. (Doc. 4). On May 10, 2013, Petitioner filed objections to the R&R of the Magistrate Judge.

(Doc. 7). For the reasons set forth herein, we will adopt the R&R of the Magistrate Judge and transfer the Petition to the Western District of Texas.

## II. Background

Petitioner was sentenced to 480 months of imprisonment by the Western District of Texas in 2009. (Doc. 1). In his Petition, Cardona explains his previous appeal history with this case, including a direct appeal and a post-conviction petition filed pursuant to 28 U.S.C. § 2255. (*Id.*). The issues raised in those proceedings closely mirror the issues raised in his current Petition. The claims have been thoroughly examined by both the sentencing court and the court of appeals.

## III. Standard of Review

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the

2

exercise of sound discretion, deem proper. See *United States v. Raddatz*, 447 U.S. 667, 676 (1980); see also *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## IV. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa.1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970), cert. denied, 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

Motions filed pursuant to 28 U.S.C. § 2255 are the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws, or that is otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974): *United States ex rel. Leguillou v. Davis*, 212 F .2d 681,

693 (3d Cir.1954). Habeas relief under 28 U.S.C. § 2241 only is available to a petitioner if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see also *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir.2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had **no prior opportunity** to challenge his conviction for conduct later deemed to be noncriminal by a change in law. *Okereke*, 307 F.3d at 120 (*citing In re Dorsainvil*, 119 F.3d at 251) (emphasis added).

Applying the foregoing principles here, we find that Cardona has not demonstrated that the remedy provided under § 2255 would be inadequate or ineffective to test the legality of his detention. Cardona argues in his objections that he has had difficulty filing his Petition in the Western District of Texas, and as such, has demonstrated that required inadequacy or inefficacy. We do not find this objection persuasive because we will transfer the Petition

to the Western District of Texas pursuant to 28 U.S.C. § 1404.[1] We note that Petitioner objects to the transfer, but we find his objection unpersuasive. (Doc. 7). Venue, convenience, the interests of justice, and protecting the Petitioner's rights as a *pro se* litigant show that transfer is appropriate.

Accordingly, we will adopt the R&R of the Magistrate Judge. We will transfer this Petition to the Western District of Texas. An appropriate Order follows.

Robert D. Mariani
United States District Judge

---

[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought." 28 U.S.C. § 1404(a).