# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CRISTOBAL CARDONA, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 3:13-CV-01179 |
| v. | : | |
| | : | (Judge Mariani) |
| JEFFREY THOMAS, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

### I. Introduction

Petitioner Jose Cristobal Cardona ("Petitioner" or "Cardona"), a federal prisoner currently incarcerated at the United States Penitentiary, Lewisburg ("USP Lewisburg"), initiated the above-captioned action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1). Cardona is presently serving a 480-month federal sentence for drug trafficking charges that was imposed upon him in the Western District of Texas.

On May 2, 2013, Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed or transferred to the Western District of Texas for consideration as a second or successive motion to correct. (Doc. 4). On May 10, 2013, Petitioner filed objections to the R&R of the Magistrate Judge. (Doc. 7).

On August 26, 2013, this Court issued an Order adopting the R&R of Magistrate Judge Carlson and transferring the case to the United States District Court for the Western District of Texas. (Doc. 12). On September 9, 2013, Petitioner filed a motion for reconsideration of our Order and a supporting brief. (Docs. 13, 14).

## II. Background

Petitioner was sentenced to 480 months of imprisonment by the Western District of Texas in 2009. (Doc. 1). In his Petition, Cardona explains his previous appeal history with this case, including a direct appeal and a post-conviction petition filed pursuant to 28 U.S.C. § 2255. (*Id.*). The issues raised in those proceedings closely mirror the issues raised in his current Petition. The claims have been thoroughly examined by both the sentencing court and the court of appeals.

## III. Standard of Review

A motion for reconsideration is a mechanism "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A motion for reconsideration is generally permitted only upon the basis of three grounds: (1) there is an intervening change in the controlling law; (2) new evidence becomes available; or (3) clear error of law or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).

## IV. Discussion

In his motion for reconsideration, Petitioner argues that we should not transfer his case because of the malfeasance of the Clerk of Court in the Western District of Texas. He argues that this malfeasance has made a habeas petition under § 2255 inadequate and ineffective. In support, he points to a previously transferred case, 4:CV-10-1826, and explains that there is no record that the transfer was complete.[1] None of these arguments form an appropriate basis for a motion for reconsideration. As such, we will deny the motion for reconsideration. An appropriate Order follows.

Robert D. Mariani
United States District Judge

---

[1] A call to the Clerk of Court in the Western District of Texas confirms that the current Petition was filed in that Court.